0UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**OCHSNER CLINIC FOUNDATION**          **CIVIL ACTION**

**VERSUS**                              **NO: 06-4556-SSV-SS**

**CONTINENTAL CASUALTY COMPANY**

## ORDER

CONTINENTAL'S MOTION TO COMPEL DEPOSITION OF BRANNON (Rec. doc. 100)

**DENIED WITHOUT PREJUDICE**

Before the undersigned is the motion of the defendant, Continental Casualty Company ("Continental") to compel the plaintiff, Ochsner Clinic Foundation ("Ochsner"), to produce B.C. Brannon for a deposition. Brannon is the executive vice president, director of finance and treasurer of Ochsner. In response to Continental's notice of the deposition of Ochsner, pursuant to Fed. R. Civ. P. 30(b)(6), Brannon and others were designated as representatives of Ochsner and deposed during the week of November 6, 2007. Rec. docs. 51, 52, 55 and 56. He was deposed a second time on December 19, 2007 regarding his personal knowledge. Rec. doc. 56. Although Continental's motion to continue the trial was filed on December 12, 2007, the parties were trying to complete discovery within the scheduling order's deadline. Rec. doc. 79. The trial was subsequently continued to November 10, 2008, rec. doc. 97, and then re-assigned to District Judge Vance.

On January 14, 2008, Brannon sent Thomas Genett, the Director of General Adjusters for Continental, a demand for payment of $18 million. Rec. doc. 100 (Exhibit A). In the letter, Brannon states that "discovery to date confirms that there is no basis for Continental's previous contention that

the policy's provisions for extended period of indemnity ("EPI") apply only if Ochsner's losses during the ninety-day EPI can be tied directly to physical loss or damage." Id. at p. 1. Brannon contends that discovery confirms that several policy exclusions asserted by Continental do not apply to the EPI claim. Exclusion "h" from "Group 2" of the policy is cited as an example. Id. at p. 2.

Continental argues that: (1) it should be permitted to depose Brannon regarding the January 14, 2008, letter only; (2) Ochsner could have avoided the problem by issuing the demand letter prior to Brannon's December 19, 2007, deposition; (3) it will be prejudiced if it is prevented from inquiring into the new issues raised by the demand letter; and (4) Ochsner requested a delay in the deposition of Genett so that it could have an opportunity to question him about his reply to Brannon.

Because of many factors, including the nature of the claims asserted by Ochsner, Brannon begins his letter with the statement that he is "pleased to learn that you (Genett) confirmed that Continental is still adjusting Ochsner's claim." Id. at p. 1. While the adjusting process is ongoing, the litigation continues as well. For purposes of both the adjustment of the claim and the litigation, Continental is entitled to answers to questions prompted by the demand letter. What discovery confirms that there is no basis for Continental's contention regarding the EPI provision?

It is the undersigned's goal to put this case into a posture for motion practice, settlement discussions or trial as promptly as possible. If it cannot be settled before or after motion practice, then it is ready for trial. For reasons beyond the control of the parties, discovery has slowed because of the inability to complete document discovery. The undersigned is concerned that if discovery drags out, both parties will be demanding re-deposition of numerous persons. This would be counter-productive.

Continental's request for Brannon's deposition regarding the January 14, 2008 letter only will be denied for three reasons. First, much of the pertinent information can be obtained through written

discovery. Given the nature of the January 14, 2008 letter, this will not prejudice Continental. Second, as discovery drags on the undersigned does not want to be confronted with a demand for a fourth deposition from Brannon. Third, a **final** deposition of Brannon, if one is required, can be delayed to the final stage of deposition discovery. Continental's motion will be denied without prejudice to its right to seek the deposition at the end of discovery. At that time it will be determined if a final Brannon deposition is required.

IT IS ORDERED that Continental's motion to compel deposition of Brannon (Rec. doc. 100) is DENIED in accord with the terms of this order.

New Orleans, Louisiana, this 19th day of March, 2008.

                                              **SALLY SHUSHAN**
                                   **United States Magistrate Judge**