UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

OCHSNER CLINIC FOUNDATION                          CIVIL ACTION

VERSUS                                             NO:  06-4556-GTP-SS

CONTINENTAL CASUALTY COMPANY

## ORDER

OCHSNER'S MOTION FOR RECONSIDERATION (Rec. doc. 102)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned is the motion of the plaintiff, Ochsner Clinic Foundation ("Ochsner"), for reconsideration of the order (Rec. doc. 98) denying Ochsner's motion to compel the defendant, Continental Casualty Company ("Continental") to produce the Analysis Group documents. Beginning on October 29, 2007, the undersigned began conducting telephone discovery conferences with the parties to address discovery issues and schedule depositions. Rec. doc. 51. The minute entries for these conferences identified persons sought for depositions and other issues to be resolved. At the outset, Ochsner identified Howard Birnbaum and Pierre Cremieux as two persons it wanted to depose. They were described as persons who consulted with Continental regarding Ochsner's claim, Continental's adjustment of the claim, and other matters. Continental was not sure what work they had done on the claim. Rec. doc. 52 at pp. 7-8. There was no change in the status of Birnbaum and Cremieux until December 20, 2007, when Ochsner reported that it could not determine whether it needed to depose them until it saw the documents prepared by The Analysis Group (the employer of Birnbaum and Cremieux). Rec. doc. 88 at p. 4.

It was determined that Continental had constructive possession of all file materials generated by The Analysis Group with respect to its involvement in the insurance claims submitted by Ochsner related to Hurricane Katrina. Rec. docs. 89 and 91. Continental contended that The Analysis Group documents were protected from disclosure on the ground that it is a non-disclosed litigation consultant. Continental was ordered to produce The Analysis Group documents for *in camera* inspection. Rec. doc. 91. After the *in camera* review, Ochsner's request was denied. The order states:

> Some of the documents predate the filing of the complaint. The review of the documents demonstrates, however, that the primary, if not exclusive, motivation for the work of the Analysis Group was the litigation instituted by Ochsner on August 23, 2006. Whether the issue is considered in terms of a "but for" test or whether the documents were clearly prepared "because of" litigation, the result is the same. The documents were prepared in anticipation of litigation.

Rec. doc. 98 at p. 1 (footnote omitted). In a subsequent conference Ochsner raised issues concerning this ruling and it was told that it could file a motion for reconsideration.

Ochsner contends that:

a. The documents are not protected from disclosure by Fed. R. Civ. P. 26(b)(4)(B) ("discovery of facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial");

b. Continental concedes that The Analysis Group was retained before litigation and in connection with the adjustment of Ochsner's claims;

c. Continental has not met its burden of establishing that The Analysis Group documents are protected by the attorney work-product privilege; and

d. Ochsner is entitled to a privilege log.

Rec. doc. 102.  Continental disagrees with each of these arguments.  Rec. doc. 110.

On the first issue, Continental contends Crews v. Nabrico, 2001 WL 46878 (E.D.La.)(Vance, J.), demonstrates the proper result.  In that personal injury action, counsel for a defendant engaged Dr. Courtney Busch, a metallurgist, as a consultant.  The plaintiff served a subpoena on Dr. Busch to produce the documents generated by him in connection with his work.  The defendant moved to quash the subpoena.  The Court held:

> Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure provides that a non-testifying expert witness may be deposed "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." This Rule recognizes that there is no need to obtain discovery from a non-testifying expert for effective cross-examination because the expert will not testify.

Id. at *1.  The Court determined that the plaintiff did not demonstrate exceptional circumstances.  The motion to quash the subpoena for Dr. Busch's documents was granted.

Ochsner contends that Crews is inapplicable because it does not involve a party withholding documents but that argument does not apply to this case.  The documents which the undersigned reviewed *in camera* are the documents from the files of The Analysis Group.  For purposes of Ochsner's request for production of the documents, they were determined to be within the control of Continental.[1]  If it had not been so, Ochsner would have been required to subpoena the documents from The Analysis Group.  It would be in the same position as the plaintiff in Crews.  Continental reports that The Analysis Group will not present any testimony at trial and Ochsner has not demonstrated exceptional circumstances for discovery from The Analysis Group.  The documents are protected from disclosure by Fed. R. Civ. P. 26(b)(4)(B).

---

[1] Control is defined as the legal right, authority or ability to obtain documents on demand.  8A Wright, Miller and Marcus, Federal Practice and Procedure §2210 (2d ed. 1994), and cases cited therein.

The second issue concerns whether The Analysis Group was retained before litigation and in connection with the adjustment of Ochsner's claims. It is undisputed that The Analysis Group was retained before Ochsner filed its lawsuit against Continental. The documents reveal that The Analysis Group began providing services on July 1, 2006. The suit was filed on August 23, 2006. The *in camera* review of the documents demonstrates that The Analysis Group was retained in anticipation of litigation and not for the adjustment of the claim. The dispute between Continental and Ochsner has proceeded on two tracks: adjustment and litigation. It may not be possible to carefully place each element in this controversy on one track or the other but the *in camera* review of the documents, however, demonstrates that The Analysis Group was retained for the litigation track.

The third issue concerns whether Continental has met its burden of establishing that The Analysis Group documents are protected by the work-product privilege. The Analysis Group documents include documents generated by it after it was retained. These will be referred to as internal Analysis Group documents. They also include documents which were received from or sent to Continental. These will be referred to as external Analysis Group documents. It is assumed that Continental has within its files copies of all of the external Analysis Group documents. As to the internal Analysis Group documents, they are protected from disclosure by Crews.

The last issue is whether Continental must supply Ochsner with a privilege log. Continental is not required to supply Ochsner with a privilege log for the internal Analysis Group documents. Ochsner is entitled to a privilege log with respect to the external Analysis Group documents. These documents were in both the files of Continental and The Analysis Group. Pursuant to Fed. R. Civ. P. 26(b)(5)(A), a privilege log is required when a party withholds information otherwise discoverable under the Federal Rules of Civil Procedure. Continental withheld from production the documents

sent to the Analysis Group or received from The Analysis Group. While the undersigned, based on the *in camera* review, is satisfied that such documents are work-product, this may not be the last word on the issue. If Ochsner decides to appeal this ruling, it is entitled to have a privilege log for the external Analysis Group documents which fully complies with Rule 26(b)(5)(A).

IT IS ORDERED that Ochsner's motion for reconsideration (Rec. doc. 102) is GRANTED in PART and DENIED in PART in accord with the terms of this order and as follows:

1. Ochsner's request for The Anlaysis Group documents is DENIED.

2. Ochsner's request for a privilege log for the external Analysis Group documents is GRANTED. Continental shall provide such a log within ten (10) working days of the entry of this order.

3. If Continental objects to this order, its delay for appealing is shortened to five (5) working days from entry of the order.

4. Ochsner's delay for objecting to or appealing this order is extended to ten (10) working days from its receipt of the privilege log for the external Analysis Group documents or ten (10) working days from determination by the District Judge that Continental is not required to provide a privilege log.

5. All other relief sought by Ochsner is DENIED.

New Orleans, Louisiana, this 24th day of March, 2008.

          **SALLY SHUSHAN**
          **United States Magistrate Judge**